[Civ. No. 5707. Second Appellate District, Division Two.—February 21, 1930.]

MARK SCHAPIRO, Respondent, v. ESTON P. HILLI-KER, Appellant.

Hewitt, Ford, McCormick & Crump and J. F. Moroney for Appellant.

Goldman & Lieberman and Alfred J. Smallberg for Respondent.

BURNELL, J., *pro tem.*—This appeal is from a judgment on the pleadings in an action against a garnishee. The following facts alleged in the complaint are not traversed by the answer: That on June 24, 1925, the plaintiff commenced an action against one Kathryn Hilliker for the recovery of $1100 and garnisheed all moneys in the hands of the defendant herein due from him to said Kathryn Hilliker; that on August 28, 1925, appellant answered the garnishment by stating that he was indebted to Kathryn Hilliker in the sum of $5,800; that on March 19, 1926, "upon stipulation and by order of the court all moneys over and above the sum of $1,500 was [*sic*] released from said attachment, and the said sum of $1,500 remained in the hands of said defendant subject to said attachment"; that on October 15, 1926, a judgment was entered in favor of plaintiff and against Kathryn Hilliker in the aggregate sum of $1130.70, and that thereafter $200 was collected by the sheriff on a levy and applied to the partial satisfaction of the judgment. It is next alleged that the sheriff "has returned the judgment unsatisfied as to the unpaid balance thereof-to-wit, the sum of $930.70," and that subsequent to the levy above referred to "a third party levy" was made by the sheriff "and demand duly made upon the said defendant to pay the said judgment pursuant to his return of said attachment," that the defendant has failed and refused to pay the same and that "the same was so returned by the sheriff . . . as wholly unsatisfied." There follows an allegation that the defendant is indebted to the plaintiff in the sum of $930.70, none of which has been paid. The answer denies on information and belief "that there is an unpaid balance upon said judgment in the sum of $930.70 or in any sum at all," and denies the alleged indebtedness.

The only point discussed in the briefs of the respective parties is the sufficiency of the denial of the existence of an unpaid balance on the judgment. As to this it is argued by appellant that whether or not the judgment was unpaid was a material issue the facts of which were not presumably within his knowledge, he not being a party to the original action, and that the payment or nonpayment was not a

matter of public record and hence that he could properly base his denial on a want of information or belief.

Assuming that the complaint sufficiently alleged that the judgment was not paid and that there was a balance due thereon of the amount involved in the action, we are of opinion that appellant's contention is correct. The complaint sets up no privity as between the appellant and the judgment debtor, and it might well be that he had, as he alleges, no information or belief as to whether or not, at the time he filed his answer, the full amount of the judgment had been received by the plaintiff. The fact of the sheriff's return would only apprise him of the failure of the efforts of that officer to collect.

The complaint, however, does not allege that there existed an unpaid balance on the original judgment. The sheriff's return on the first levy amounted to his statement that he had been able to collect but $200 and that, so far as *his* efforts were concerned, the balance remained unpaid. The allegation as to the sheriff's return unsatisfied of the "judgment"—probably "execution" was meant—is not tantamount to an allegation that the judgment had not been paid at all. The allegation as to the "third party levy" made by the sheriff on the defendant and the latter's refusal to pay thereon and the sheriff's return of "the same" unsatisfied is again but a statement of the failure of the effort of the sheriff to collect from the defendant. This allegation, like the former, does not aver as a fact that the judgment had not been paid. Setting up the failure of the plaintiff to secure payment through the process of an execution levy does not negative the payment of the judgment by the judgment debtor directly to the plaintiff or in some other manner. The nonpayment of all or a portion of the judgment was of course a prerequisite to the liability of the garnishee in an action to enforce payment by him. It was a material fact which it was incumbent upon the plaintiff to allege in order to state a cause of action. An allegation that the plaintiff has not been able to secure the payment of the judgment after efforts along a certain line, to wit, by means of the service of process by the sheriff, will not take the place of a direct averment that the judgment remains unpaid, by anyone, in whole or in part.

As the complaint thus failed to state one of the facts material to a cause of action judgment on the pleadings should not have been granted on the plaintiff's motion.

Judgment reversed.

Works, P. J., and Craig, J., concurred.